ROBERT ROSS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Entenmann's Bakery, Appellee).

First District (Industrial Commission Division)  No. 1—03—2999WC

Opinion filed October 13, 2004.

Bleakney & Troiani, of Chicago, for appellant.

Schiff & Hulbert, of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Robert Ross, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 through 30 (West 1996)) for an injury he sustained to his back. Claimant alleged he suffered an accident during the course of his employment with employer, Entenmann's Bakery, on April 4, 1996. Following a hearing, the arbitrator found claimant proved he sustained accidental injuries arising out of and in the course of his employment with employer and awarded claimant benefits. On review, the Industrial Commission (Commission) reversed the decision of the arbitrator finding claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer. Claimant sought judicial review of the Commission's decision in the circuit court of Cook County, which confirmed the Commission's decision.

On appeal, claimant argues the Commission's finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer on April 4, 1996, is against the manifest weight of the evidence. We affirm the circuit court's order confirming the Commission's decision.

Claimant testified at hearing that he worked as a "bakery cleaner." On April 4, 1996, while poking garbage in a trash compactor, claimant felt "a real sharp pain in [his] back." Claimant reported the accident to a supervisor and continued to work.

On April 25, 1996, claimant sought treatment with Eugene John Bartucci, a medical doctor specializing in orthopedic surgery. Claimant told Dr. Bartucci that he had suffered an injury at work approximately three weeks earlier. Dr. Bartucci noted that "x-rays *** show[ ] some degenerative change, but nothing major." Dr. Bartucci diagnosed claimant with lumbar strain and recommended "[l]ight duty for three weeks." Claimant remained on "light duty" until he underwent u irelated surgery on June 27, 1996.

On May 17, 1996, employer videotaped claimant (1) raking gravel, (2) attempting to push or lift a stranded motorist's vehicle, (3) scooping gravel, (4) driving a van, and (5) lifting a large concrete slab. Also on May 17, 1996, claimant sought treatment with Dr. Bartucci. Dr. Bartucci noted that claimant continued to experience "trouble with his back." Claimant did not reference the events videotaped earlier that day. Dr. Bartucci recommended that claimant undergo an MRI. On June 14, 1996, Dr. Bartucci noted a "bulging disk at L3-4" and recommended a course of physical therapy following unrelated surgery. On June 27, 1996, claimant underwent unrelated surgery and did not work. Dr. Bartucci continued to note that claimant experienced back pain. On September 3, 1996, Dr. Bartucci removed claimant from work specific to claimant's back pain. Claimant remained off work for approximately six months undergoing various courses of physical therapy and other medical treatment. On February 14, 1997, Dr. Bartucci noted "myelogram negative for disk herniation" and returned claimant to light-duty work. Claimant did not return to work. On March 21, 1997, claimant injured his back while lifting a mattress in his home and sought treatment in an emergency room. On April 10, 1997, claimant underwent an MRI. The radiologist noted (1) a "mild disc bulge at L3-L4" and (2) "no significant change when compared to previous study of 6/6/96." Claimant remained off work.

In a letter dated May 14, 1997, employer terminated claimant because claimant failed to return to light-duty work on February 14, 1997. Claimant testified that he has gained 125 pounds since April 4, 1996. He continues to experience back pain.

On direct examination, Dr. Bartucci testified that he believed claimant's back pain "might or could have been causally connected to the injuries dumping trash." Following a review of the videotape, Dr. Bartucci testified that he would not be able to state whether the work accident on April 4, 1996, or those activities claimant engaged in on

May 17, 1996, caused claimant's continuing back pain. Dr. Bartucci testified that had he viewed the videotape on May 17, 1996, he "probably" would have returned claimant "to some sort of work."

On October 25, 1996, and February 2, 1999, Charles Mercier, a medical doctor specializing in orthopedic surgery, conducted an independent medical examination of claimant at employer's request. In a report dated October 25, 1996, Dr. Mercier stated:

"Today, except for very mild subjective pain to palpation and on motion maneuvers, [claimant's] examination is normal. I reviewed his records from September 17, 1996.

It is clear that [claimant] can and should have returned to work without restrictions, at least by September 17, 1996, and possibly even before. *** No further treatment is necessary in regards to his alleged low back problem. There is *** no clinical evidence of permanent disability."

Following the hearing, the arbitrator found claimant proved he sustained accidental injuries arising out of and in the course of his employment with employer and awarded claimant benefits. On review, the Commission reversed the decision of the arbitrator finding claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer. The Commission stated:

"[T]he credible testimony of Dr. Bartucci and the surveillance video do[ ] not support a finding that a causal relationship exists between Petitioner's current condition of ill-being and the injuries he sustained on April 4, 1996. The Commission finds that [the] videotape shows Petitioner engaged in heavy activities during a period of time when Petitioner claimed to be disabled from work. The Commission notes that Dr. Bartucci after seeing the videotape testified at his deposition that [ ]he could not opine whether the accident on April 4, 1996 was the cause of Petitioner's ongoing complaints and that he did not really know the cause of Petitioner's ongoing complaints. *** Petitioner failed to prove continued disablement to his back."

Claimant sought judicial review of the Commission's decision in the circuit court of Cook County which confirmed the Commission's decision. This appeal followed.

Claimant argues the Commission's finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer on April 4, 1996, is against the manifest weight of the evidence.

In a workers' compensation case, the claimant has the burden of establishing, by a preponderance of the evidence, that his injury arose out of and in the course of his employment. *O'Dette v. Industrial*

*Comm'n,* 79 Ill. 2d 249, 253, 403 N.E.2d 221, 223 (1980). It is the function of the Commission to decide questions of fact, judge the credibility of witnesses, and resolve conflicting medical evidence. *O'Dette,* 79 Ill. 2d at 253, 403 N.E.2d at 223-24. The Commission's determination on a question of fact will not be disturbed on review unless it is against the manifest weight of the evidence. *Orsini v. Industrial Comm'n,* 117 Ill. 2d 38, 44, 509 N.E.2d 1005, 1008 (1987). The Commission's decision is against the manifest weight of the evidence only where an opposite conclusion is clearly evident; the test is not whether this or any other tribunal might reach the opposite conclusion, but whether there was sufficient factual evidence in the record to support the Commission's determination. *Gilster Mary Lee Corp. v. Industrial Comm'n,* 326 Ill. App. 3d 177, 183, 759 N.E.2d 979, 983 (2001).

Claimant argues the Commission's finding is against the manifest weight of the evidence because "Dr. Bartucci, the treating surgeon, testified to causation." Claimant references Dr. Bartucci's testimony on direct examination that he believed claimant's back pain "might or could have been causally connected to the injuries dumping trash." However, following a review of the videotape, Dr. Bartucci testified that he would not be able to state whether the work accident on April 4, 1996, or those activities claimant engaged in on May 17, 1996, caused claimant's continuing back pain. Further, Dr. Bartucci testified that had he viewed the videotape on May 17, 1996, he "probably" would have returned claimant "to some sort of work." The Commission's finding that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment with employer on April 4, 1996, is not against the manifest weight of the evidence.

Claimant next argues the Commission's finding is against the manifest weight of the evidence because (1) "employer did not prove *** [claimant] suffered an independent, intervening accident" and (2) "claimant is not required *** to rule out all other possible activities which could be contributing causes." Claimant's arguments in this regard have no merit. The Commission's finding that claimant "failed to prove continued disablement to his back" is not against the manifest weight of the evidence.

We affirm the circuit court's order confirming the Commission's decision.

Affirmed.

HOFFMAN, CALLUM, HOLDRIDGE, and GOLDENHERSH, JJ., concur.